IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER ANDREW FELICIANO, | ) | CIVIL NO. 06-00286 HG-KSC |
| | ) | CRIM. NO. 01-00090 HG |
| Movant, | ) | |
| | ) | **ORDER DENYING MOTION TO VACATE,** |
| vs. | ) | **SET ASIDE, OR CORRECT SENTENCE BY** |
| | ) | **A PERSON IN FEDERAL CUSTODY** |
| UNITED STATES, | ) | **PURSUANT TO 28 U.S.C. § 2255** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**

Movant Peter Andrew Feliciano ("Feliciano"), a federal prisoner incarcerated at the Federal Correctional Institution located in Sheridan, Oregon has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which the United States District Court for the District of Oregon construed as a petition for habeas corpus pursuant to 28 U.S.C. § 2255 and transferred to this Court.[1]  Feliciano contends that he would not have entered a plea of guilty had he known that the Armed Career Criminal Act, 18 U.S.C. § 924(e), would apply to increase his sentence.  For the reasons set forth below, the Court finds that Feliciano's Section 2255 Motion and the record in this case show

_____

[1] Although Feliciano originally sued the Warden of the Federal Correctional Institution in Oregon, because Feliciano's Section 2241 petition has been construed as a Section 2255 motion the appropriate Respondent is the United States.  The Court has modified the caption accordingly.

that Feliciano voluntarily entered a guilty plea knowing that he had three prior violent felony convictions to which the Armed Career Criminal Act applied and knowing that he would be sentenced to at least fifteen years imprisonment.  Feliciano's Section 2255 Motion is DENIED.

### PROCEDURAL HISTORY

On March 14, 2001, the Government originally charged Feliciano in a four-count Indictment. (Doc. 1.)  On August 9, 2001, the Government filed a two-count Information. (Doc. 32.)  Count One charged Feliciano with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Count Two charged Feliciano with being in possession of a firearm while subject to a protective order issued by the Family Court of the Second Circuit in the State of Hawaii in violation of 18 U.S.C. § 922(g)(8).

On August 9, 2001, Feliciano pled guilty (Doc. 33), pursuant to a Memorandum of Plea Agreement with the Government ("Plea Agreement", Doc. 35), as to Counts 1 and 2 of the Information.

On December 18, 2001, the Court sentenced Feliciano to 180 months (fifteen years) imprisonment as to each of Counts 1 and 2, to be served concurrently, and supervised release of five (5) years as to each of Counts 1 and 2, to be served concurrently. (Doc. 45.)  The Court granted the Government's motion to dismiss Counts One, Two, Three, and Four of the Indictment at sentencing.

2

On January 7, 2002, judgment was entered. (Doc. 42.)
Feliciano did not appeal his sentence.

On February 16, 2006, Petitioner filed a "Petition for Writ
of Habeas Corpus Pursuant to 28 U.S.C. §2241" in the United
States District Court for the District of Oregon.

On March 28, 2006, the court in the United States District
Court for the District of Oregon issued an Order to Show Cause
why Feliciano's petition, filed February 16, 2006, should not be
construed as a motion under 28 U.S.C. § 2255 and dismissed for
lack of jurisdiction since Feliciano was sentenced in the United
States District Court for the District of Hawaii and not in
Oregon.  The Order to Show cause asked Feliciano whether and why
the 28 U.S.C. § 2255 remedy would be inadequate or ineffective to
test the legality of his detention.

On April 12, 2006, Feliciano responded to the Order to Show
Cause, stating that he had an available remedy pursuant to 28
U.S.C. § 2255 and agreeing that the court could exercise its
discretion to transfer the petition to the United States District
Court for the District of Hawaii.

On May 6, 2006, the United States District Court for the
District of Oregon entered an Order construing Feliciano's 28
U.S.C. § 2241 petition as a 28 U.S.C. § 2255 motion and
transferred it to this Court.  (Doc. 46.)

On May 22, 2006, the Court received Petitioner's "Petition

3

for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" construed

as a Motion to Vacate, Set Aside, or Correct Sentence by a Person

in Federal Custody Pursuant to 28 U.S.C. § 2255.  ("Section 2255

Motion", Doc. 47.)

## BACKGROUND

On August 9, 2001, Feliciano entered a guilty plea as to

Counts One and Two of the Information.  With regard to

Feliciano's understanding of the charges against him, the Plea

Agreement provides:

> Defendant enters these pleas because he is in fact
> guilty of knowingly and intentionally possessing a
> firearm, to wit, a Remington Model 870 pump action
> shotgun, 12 gauge, serial number S-720030-V in his
> suitcase at the Kahului Airport in Maui on November
> 5, 2000 *while being a person who had been convicted
> at least three times of violent felonies committed
> on different occasions*, and of knowingly and
> intentionally possessing a firearm, to wit, a
> Remington Model 870 pump action shotgun, 12 gauge,
> serial number S-720030-V in this suitcase at the
> Kahului Airport in Maui on November 5, 2000, while
> being a person who was subject to an Amended
> Protective Order, of which he had notice and the
> opportunity to participate, which restrained him
> from harassing, stalking, or threatening an
> intimate partner and by its terms explicitly
> prohibited the use, attempted use, or threatened
> use of physical force against such intimate
> partner, and agrees that these pleas are voluntary
> and not the result of force or threats.

(Plea Agreement ¶ 6; emphasis added.)

Feliciano also admitted to facts outlined in Paragraph 8 of

the Plea Agreement, including that he had been previously

convicted of the following crimes:

4

      b.   On November 5, 2000, the defendant was a person who had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, to wit, Burglary in the Second Degree, committed on November 29, 1976 at the dwelling Danny Speas, Burglary in the Second Degree, committed on December 1, 1976 at the dwelling of Charlotte Melrose, and Burglary in the Second Degree, committed on December 26, 1976 at the Haliimaile Super Market;

        *     *     *

(Plea Agreement ¶ 8(b).)

## STANDARD OF REVIEW

28 U.S.C. § 2255 ("§ 2255") permits a prisoner in custody, under sentence of a court, claiming the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, to move the court which imposed the sentence to vacate, set aside, or correct the sentence. See 28 U.S.C. § 2255.

Under § 2255, a court shall hold an evidentiary hearing on a prisoner's § 2255 petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A court need not hold an evidentiary hearing on a prisoner's § 2255 petition where the prisoner's allegations, when viewed against the records, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989); United

5

States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984), cert. denied, 470 U.S. 1058 (1985). "Merely conclusory statements in a § 2255 motion are not enough to require a hearing." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993) (citing United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981)).

## ANALYSIS

Feliciano advances one argument in support of his Section 2255 motion. Feliciano argues that his guilty plea violated the Fifth and Sixth Amendments of the United States Constitution because it was not knowing and voluntary. Feliciano contends that, under 21 U.S.C. § 851(a)(1), he should have been advised that he was subject to the statutory mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") before he entered a guilty plea. (Section 2255 Motion at ¶¶ 6.2-6.3.) Feliciano argues that had he known that the ACCA applied he would not have pled guilty. (Section 2255 Motion at ¶¶ 5.2-5.3.) The ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1).  Both Counts One and Two of the

Information to which Feliciano pled guilty are violations of

Section 922(g).

21 U.S.C. § 851(a)(1) (emphasis added) provides:

No person who stands convicted of an offense *under this
part* shall be sentenced to increased punishment by reason
of one or more prior convictions, unless before trial, or
before entry of a plea of guilty, the United States
attorney files an information with the court (and serves
a copy of such information on the person or counsel for
the person) stating in writing the previous convictions
to be relied upon. Upon a showing by the United States
attorney that facts regarding prior convictions could not
with due diligence be obtained prior to trial or before
entry of a plea of guilty, the court may postpone the
trial or the taking of the plea of guilty for a
reasonable period for the purpose of obtaining such
facts. Clerical mistakes in the information may be
amended at any time prior to the pronouncement of sentence.

The notice requirements of 21 U.S.C. § 851(a)(1) apply only

when the government seeks to obtain the increased statutory

penalties provided in 21 U.S.C. §§ 841-858 based upon certain

qualifying prior convictions.  United States v. McDougherty, 920

F.2d 569, 574 (9th Cir. 1990).  Because Feliciano pled guilty to

offenses under Title 18, Section 851(a)(1) does not apply.  See

United States v. Mott, 979 F. Supp. 1293, 1295 (D. Or. 1997)

(Section 851(a)(1) "only applies to offenses charged under

Chapter 21, which covers drug crimes.  Because Mott plead guilty

to an offense under Chapter 18, the notification requirements

under 21 U.S.C. § 851(a)(1) do not apply to him.")

The record shows that Feliciano entered a knowing and

7

voluntary guilty plea.   The court will enforce the plain,
unambiguous terms of a plea agreement.   See <u>Wilson Arlington Co.
v. Prudential Ins. Co. of Am.</u>, 912 F.2d 366, 370 (9th Cir. 1990).
Contrary to Feliciano's contention (Section 2255 Motion at ¶
6.5(a)), in Paragraphs 6 and 8(b) of the Plea Agreement,
Feliciano specifically admitted to his three prior convictions.

During the plea colloquy, the Court questioned Feliciano
about the voluntariness of his plea:

> BY THE COURT:
>
> Q:   Now, Mr. Feliciano, has anyone threatened you
>      or anyone else, or forced you in any way, to
>      plead guilty?
>
> A:   No, ma'am.
>
> Q:   Have you entered into a plea agreement
>      between you and your attorney and the
>      government?
>
> A:   Yes.

(Transcript of Proceedings held on August 9, 2001 before Judge
Helen Gillmor ("Tr.") at 17-18.)

After the Government summarized the terms of the plea, the
Court then questioned Feliciano about his knowledge and
acceptance of its terms:

> BY THE COURT:
>
> Q:   Now, Mr. Feliciano, have you read the plea

8

agreement?

A:   Yes, I have.

Q:   And have you discussed it with [your

     attorney]?

A:   Yes, we have.

Q:   Have all of your questions been answered?

A:   Yes, ma'am.

Q:   Are you in agreement with its terms?

A:   Yes, ma'am.

(Tr. at 19.)

As part of his plea, Feliciano understood that the Court
would sentence him to imprisonment of not *less* than fifteen years
for Count One as mandated by the ACCA.  During the plea colloquy,
Feliciano acknowledged that, for Count One, he was subject to a
mandatory minimum of at least fifteen years, with a possible
sentence up to life, and that for both Counts One and Two, as
calculated together under the United States Sentencing Guidelines
("sentencing guidelines"), he would have a mandatory minimum term
of fifteen years. (Tr. 16-17.)  The Court also explained the
sentencing guidelines to Feliciano and Feliciano indicated that
he had talked about the sentencing guidelines with his attorney.
(Tr. 11-12.)  Feliciano acknowledged that he understood that even
if the sentence was more severe than he expected he would still
be bound by the plea. (Tr. at 12-13.)

9

After his plea and prior to sentencing, the Presentence
Investigation Report, which Feliciano had an opportunity to
review and respond to, again put Feliciano on notice of the
applicability of the ACCA.  See United States v. Kaneakua, 105
F.3d 463, 468 (9th Cir. 1997) (defendant had adequate notice that
his prior conviction would be relied upon at sentencing where
defendant was clearly aware from the presentence report that the
probation officer recommended the mandatory 40-month sentence).
For the purposes of sentencing under the sentencing guidelines,
Counts One and Two were grouped together because both counts
involved the same victim and the same act or transaction,
resulting in a mandatory minimum term of fifteen years
imprisonment for each Count.  See U.S.S.G. § 3D1.2(a).  The
Presentence Investigation Report stated that Feliciano was
designated as an Armed Career Criminal subject to an enhanced
sentence under section 924(e) because of his three previous
convictions for violent felonies occurring on separate occasions.
The Presentence Investigation Report advised that the Court could
sentence Feliciano from fifteen years to life for Counts One and
Two.  Feliciano was well aware of the applicability of the ACCA.
Indeed, Feliciano filed a Motion for Downward Departure in
response to the draft Presentence Investigation Report in which
he argued that the ACCA should not apply due to the age of his
three prior burglary convictions (occurring between 24 and 30

10

years ago) and Feliciano's family circumstances.  (Doc. 39.)

Feliciano's Section 2255 Motion, the case file, and the record in this case conclusively show that Feliciano is entitled to no relief. Feliciano's plea was knowing and voluntary. Feliciano was well aware of the applicability of the ACCA when the Court accepted his guilty plea and prior to his sentencing. In light of the above facts, Feliciano cannot now claim that he would not have entered a plea of guilty had he known that the Court would consider his three prior convictions for violent felonies at sentencing.  Indeed, Feliciano cannot even claim surprise as to the length of his sentence.  Feliciano acknowledged that he would be subject to a *minimum* sentence of fifteen years and that is exactly the sentence the Court imposed.

The Court also notes that Feliciano's Section 2255 Motion appears to be untimely because Feliciano filed his Section 2255 Motion approximately four years after his judgment became final. See 28 U.S.C. § 2255.  The Court, however, need not reach this ground for dismissal since, for the reasons stated above, Feliciano's Section 2255 Motion, the case file, and the record in this case conclusively show that he is entitled to no relief. Because Feliciano's Section 2255 Motion, the case file, and the records in this case conclusively show that Feliciano is not entitled to habeas relief on the ground he alleges the Court need not hold an evidentiary hearing.  See 28 U.S.C. § 2255.

11

## Certificate of Appealability

Under 28 U.S.C. 2253(c), a movant must make a "substantial showing of the denial of a constitutional right" in order to obtain a certificate of appealability when the district court has denied a habeas claim on the merits.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); Hiivala v. Wood, 195 F.3d 1098, 1104 (9th Cir. 1999).  To satisfy this standard, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack, 529 U.S. at 484.

In the present case, reasonable jurists would not find it debatable that Feliciano knowingly and voluntarily pled guilty to Counts One and Two of the Information and that he was aware that the Armed Career Criminal Act applied to him, imposing a statutory mandatory minimum sentence of fifteen years.  Feliciano has not made a substantial showing of a denial of a constitutional right as required for the court to grant a certificate of appealability.

### CONCLUSION

For the foregoing reasons,

(1)  The appropriate Respondent is the United States.  The Clerk is **DIRECTED** to change the caption accordingly and is **FURTHER DIRECTED** to henceforth serve the United States with this Order and any further filings in this case;

12

(2)  Feliciano's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" construed as a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Doc. 47) is **DENIED**; and

(3)  Feliciano is not entitled to a certificate of appealability.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 6, 2006.



_/s/ Helen Gillmor_____
Chief United States District Judge

_____
FELICIANO v. UNITED STATES; Civil No. 06-00286 HG-KSC; Crim. No. 01-00090 HG; **ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**

13